Filed 4/28/16  Malasky v. Malasky CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HANK MALASKY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MARTIN MALASKY, et al.,<br><br>    Defendants and Respondents. | A143448<br><br>(Marin County<br>Super. Ct. No. CIV1401290) |

Plaintiff Hank Malasky sued his sons Martin and Garrett for damages in a dispute over payment of a secured promissory note he executed in their favor.  Plaintiff appeals in propria persona after the court sustained a demurrer to his complaint without leave to amend.[1]  He challenges the ruling on the demurrer and the award of attorney fees to defendants.  We affirm.

## I.  BACKGROUND

Plaintiff and his former wife, Sandra Esposito, executed a promissory note dated May 17, 2010, for the sum of $60,000 plus six percent interest per annum payable to defendants.  The note stated that it was given "[f]or valuable consideration," and provided for payment of attorney fees to the prevailing party in any legal action to

---

[1] An order sustaining a demurrer without leave to amend is not an appealable order.  (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.)  The appeal lies from an order or judgment dismissing the case, neither of which appears to have been entered here.  Nevertheless, we will deem the order on the demurrer to include a judgment of dismissal, and reach the merits of the appeal.  (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1.)

1

enforce the note's terms. The note was secured by a deed of trust on real property owned by plaintiff and Esposito in Tiburon. The deed of trust provided that "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the note," and that "Borrower's obligations and liability shall be joint and several." The deed of trust required maintenance of insurance for the property, and included other typical covenants such as those against waste and creation of senior liens.

The complaint alleges that, contrary to the terms of the note, it was not given for any consideration. The complaint states that plaintiff and Esposito were sued in 2010 for a debt owed to a law firm. Plaintiff and Esposito gave defendants the note and deed of trust "to attempt to protect $60,000 in equity which they believed they had in the Property" from the potential judgment creditor. When the lawsuit settled, there was no longer any need to protect that equity. Esposito conveyed her interest in the property to plaintiff, and plaintiff contracted to sell it. Plaintiff asked defendants to cancel the note and deed of trust but they refused. Instead, they made a demand for payment of the outstanding balance of the note from the escrow for the sale, which was set to close on the day the complaint was filed.

The complaint set forth causes of action for unjust enrichment, fraud, and breach of contract/declaratory relief. The unjust enrichment cause of action was based on an alleged lack of consideration for the note. The fraud and breach of contract causes of action were based on defendants' alleged agreement to deposit the amount owed on the note into an attorney's trust account until a court determined whether plaintiff was liable for the debt.

Defendants demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. In support of the demurrer, defendants requested judicial notice of the judgment on reserved issues in plaintiff and Esposito's divorce, under which plaintiff "assume[d] responsibility for the student loans for the parties' children (approximately $56,000)" and debts on property, and the parties were "free to compromise/resolve liabilities they have assumed." Defendants also requested

judicial notice of plaintiff's counsel's declaration that the escrow company had paid defendants $74,005.48 from the proceeds of the sale of the Tiburon property.

The trial court sustained the demurrer to the unjust enrichment cause of action without leave to amend, finding that the claim was untenable because it was "based on allegations inconsistent with the express recital in the promissory note that states it was given 'For valuable consideration.' " The demurrer to the fraud cause of action was sustained without leave to amend "based on the failure to allege reasonable reliance and damages. As there appears to have been no true 'dispute' concerning the sons' entitlement to the $60,000 plus interest, the alleged representations to deposit the funds in trust and engage in a resolution process with plaintiff were gratuitous and resulted in no damage to plaintiff." The demurrer to the breach of contract/declaratory relief claim was based in part on "lack of consideration for the alleged agreement to resolve disputes regarding the funds" paid to defendants from the Tiburon escrow.

## II.  DISCUSSION

In opposition to the demurrer in the trial court, plaintiff stated that the $60,000 promissory note was "unrelated" to $56,000 in student loans he and Esposito, and ultimately he alone, agreed to pay for the benefit of defendants.  On appeal, plaintiff says the opposite, stating that the note was signed to cover the obligation to pay the student loans.  The note, he now says, was "a funding method for [this] obligation" that he assumed in the divorce judgment.  He characterizes his agreement in the divorce to assume sole responsibility for the loans as a "novation" of the note and deed of trust. Under this "new agreement, [he has] continued to pay the loans to the government lender, for which the administrator was Granite State Management ('Granite')," and defendants "never paid any consideration for the 'new' [divorce agreement] by which [he] obtained funds from Granite." Defendants are receiving a windfall according to plaintiff because the parents agreed to cover only $56,000 of their student loans, two-thirds of the total, and defendants can use amounts recovered on the note to pay off the share of student loans they agreed to cover themselves.

Plaintiff has no tenable theory for reversing the ruling on the demurrer.  If the divorce settlement was a novation, it was only between plaintiff and Esposito.  Defendants were not parties to the settlement.  All of plaintiff's causes of action hinge on his contention that he was not liable on the note, but he has no valid defense to that liability.  He claims the note was given without consideration, and the truth of that alleged fact must be accepted for purposes of the demurrer.  However, the note's recital to the contrary is controlling.  When a written instrument is the foundation of a cause of action, "[t]he recitals [in the instrument], if contrary to allegations in the pleading, will be given precedence, and the pleader's inconsistent allegations as to the meaning and effect of an unambiguous document will be disregarded."  (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 431, p. 564; see also *Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865 ["[e]xtrinsic evidence is 'admissible to interpret the instrument, but not to give it a meaning to which it is not reasonably susceptible' [citations], and it is the instrument itself that must be given effect"].)

Nor has plaintiff identified any reason to reverse the award of attorney fees.  He argues that the note and its attorney fee provision were extinguished by his divorce settlement, but as we have explained, the note remained an enforceable obligation.

### III.  DISPOSITION

The judgment of dismissal and the attorney fee award are affirmed.

4

 

                         _____
                         Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Pollak, J.

*Malasky v. Malasky*, A143448